IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH K. KELLEY,

    Plaintiff,

vs.                                                                         No. CIV 03-507 JB/ACT

CITY OF ALBUQUERQUE,
A municipal corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion and Memorandum Requesting the Court Amend the Judgment to Adjust for Increased Federal Taxes, filed January 24, 2005 (Doc. 95). The Court held a hearing on October 21, 2005. The primary issue is whether the Court should amend the judgment to take into account the taxes that Plaintiff Judith Kelley will have to pay because of the damages that the jury awarded her. Because the Seventh Amendment prohibits additur, because Kelley's request does not fall into one of the bases for granting rule 59 relief, and because the Court declines to exercise its equitable powers to grant Kelley's requested relief, the Court will deny her motion.

**FACTUAL BACKGROUND**

Kelley represents that she is making approximately $48,237.85. See Motion to Amend at 4. At that level of taxable income, Kelley is in the 25% tax bracket. See 2005 Tax Rate Schedule at 1 (showing that a party making between $29,700.00 and $71,950.00 pays $4,090.00 plus 25% of the amount over $29,700.00).

**PROCEDURAL BACKGROUND**

Kelley brought this action, contending that the Defendant City of Albuquerque terminated her in violation of the New Mexico Human Rights Act ("NMHRA"), N.M.S.A. 1978 § 28-1-1, Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. §§ 2000e-5(f) to 2000e-17, and her right to equal protection under 42 U.S.C. §§ 1983 and 1985(2) and (3). See Memorandum Opinion and Order at 19-20, filed December 30, 2004 (Doc. 74). Before trial, Kelley sought to exclude testimony concerning tax benefits she may have derived from the losses that form the basis of her claims. See Motion in Limine at 2-4, filed November 15, 2004 (Doc. 56). Kelley also requested that the Court exclude the Defendant City of Albuquerque's expert witness from testifying that her damages should be reduced to take into account taxes that Kelley would have had to pay, assuming that she was in the 25% tax bracket. See Response to Motion in Limine at 1, filed November 30, 2004 (Doc. 58). The Court excluded the expert's supplemental report because: (i) it was untimely; and (ii) its probative value was substantially outweighed by the danger of confusion of the issues, under rule 403 of the Federal Rules of Evidence, given that "these damages are going to be included in gross taxable income and so they shouldn't be reduced." Transcript of Hearing at 34:23-37:5 (taken December 29, 2004).[1] The Court did not preclude Kelley from offering evidence of tax consequences of any resulting verdict. See generally id.

The jury awarded $172,974.90 for loss of back pay and $200,000.00 for loss of future lost retirement or pension benefits. See Special Verdict Form at 2, filed January 6, 2005 (Doc. 86). The Court filed the final judgment on January 6, 2005 and it was docketed on January 7, 2005. See Final

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Judgment at 1, filed January 6, 2005 (Doc. 87).

On January 24, 2005, and pursuant to rule 59 of the Federal Rules of Civil Procedure, Kelley filed this motion. Kelley requests that the Court amend the judgment to take into account increased federal taxes that she will have to pay because of her damages award. See Motion to Amend at 1. Kelley prays that the Court award her at least $37,297.49 in additional taxes plus an additional ten percent of the attorney fee award to compensate for additional federal taxes. See id. at 4. The City opposes the motion because the parties should assume that the jury considered the effect of taxes on a damages award and an increased judgment would amount to an unconstitutional additur. See Response at 4-5, filed February 9, 2005 (Doc. 101). Kelley requested concurrence in this motion by the City's attorney, but the City denied concurrence. See Motion to Amend at 4.

## RULE 59

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A rule 59(e) motion should be granted "only to correct manifest errors of law or to present newly discovered evidence." Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1274-75 (10th Cir. 2005)(quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)). The Tenth Circuit has also approved of using a rule 59(e) motion to contest inconsistencies in a jury's verdict. See id. at 1275.

Under rule 58(b)(1), "[j]udgment is entered for purposes of these rules . . . when it is entered in the civil docket under Rule 79(a)." Rule 79(a) provides that

> All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file

number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made.

Rule 6(a) explains how to compute the ten-day time period of Rule 59(e) motions:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President of the Congress of the United States, or by the state in which the district court is held.

## **LAW REGARDING THE SEVENTH AMENDMENT**

The Seventh Amendment to the United States Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." "The Seventh Amendment right to a jury trial for civil cases does not apply in state proceedings." Elliott v. City of Wheat Ridge, 49 F.3d 1458, 1459 (10th Cir. 1995).

An additur is "[a] trial court's order, issued [usually] with the defendant's consent, that increases the damages awarded by the jury to avoid a new trial on grounds of inadequate damages. The term may also refer to the increase itself, the procedure, or the court's power to make the order."

Black's Law Dictionary 31 (7th ed. 1999). In Dimick v. Schiedt, 293 U.S. 474 (1935), the Supreme Court of the United States held that the practice of additur violates the Seventh Amendment. See id. at 486-88. The Supreme Court explained that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Id. at 486. The Supreme Court distinguished additur from remittitur:

> Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess -- in that sense that it has been found by the jury -- and that the remittitur has the effect of merely lopping off an excrescence. But where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict. When, therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any semblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept "an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess."

Id. at 486-87.

In the decades since Dimick v. Schiedt, the United States Court of Appeals for the Tenth Circuit has restated the Supreme Court's ruling that additurs violate the Constitution. See Lyon Dev. Co. v. Business Men's Assurance Co. of Am., 76 F.3d 1118, 1125 (10th Cir. 1996); Estes v. Southern Pacific Transp. Co., 598 F.2d 1195, 1199 (10th Cir. 1979)("Although appellant states he had agreed to accept an additur and to waive his motion for a new trial, this overlooks appellee's Seventh

Amendment right, free from reexamination in the form of a judge-set additur, to have a jury determine the damages."). In Lyon Dev. Co. v. Business Men's Assurance Co. of Am., the Tenth Circuit found that a district court's increase of an award from $1 to $176,094 "is equivalent to an additur." 76 F.3d at 1125.

## **ANALYSIS**

The Court will deny Kelley's motion. Although she filed her motion in a timely manner, her request that the Court increase her jury verdict violates the Seventh Amendment's right to a jury trial. Furthermore, Kelley has not provided a basis under rule 59 for an alteration or amendment of the judgment. Finally, to whatever extent that the Court has equitable powers to increase the jury award in light of the Seventh Amendment's strictures, the Court will decline to exercise those powers in this case.

### **I.    KELLEY'S MOTION IS TIMELY.**

Kelley brings her motion under rule 59 to amend the judgment to take into account the increased taxes she will have to pay on this award. Rule 59(e) requires such a motion to be brought no later than 10 days after entry of the judgment. The City contends that Kelley's motion is untimely because she did not file it within ten days of the entry of judgment. See Response at 1.

The Court filed the judgment in this case on January 6, 2005, but it was not entered on the docket until January 7, 2005. According to rule 58(b)(1), judgment is entered when it is entered in the civil docket. The Court's electronic docket indicates that the judgment was entered in the docket on January 7, 2005. Ten days from January 7 – excluding, per rule 6(a), the weekend days of January 8, 9, 15, 16, 22, and 23, and the Birthday of Martin Luther King, Jr. on January 17 – yields January 24 as the tenth day from the entry of judgment, the day that Kelley filed her motion. Kelley's motion,

therefore, was filed within ten days of the entry of judgment and is timely.[2]

## II.     THE SEVENTH AMENDMENT BARS KELLEY'S REQUEST FOR RELIEF.

Kelley requests that the Court increase the award by ten percent to compensate her for the enlarged tax burden she will face when she receives the full amount of the judgment. See Motion to Amend at 4. Kelley asserts that this measure falls within the Court's equitable powers and is not protected by the Seventh Amendment. See id. at 1-4. The City contends that such an increase would violate the Seventh Amendment's guarantee of the right to a jury trial. See Response at 4-5.

Kelley's requested relief would violate the Seventh Amendment. The Seventh Amendment provides that, in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States. The Supreme Court has held that the practice of additur, whereby a denial of motion for a new trial is conditioned on the defendant's consent to an increased damages award, violates the Seventh Amendment's proscription against re-examining the findings of the jury. See Dimick v. Schiedt, 293 U.S. at 486-88.

Kelley's request is not the classic additur situation that the Supreme Court addressed in Dimick v. Schiedt because Kelley is not seeking increased damages or, in the alternative, a new trial. Instead, Kelley's sole request is for increased damages. At first blush, then, Dimick v. Schiedt might not foreclose Kelley from receiving an increased award because the precise mechanism denounced by the Supreme Court was of conditioning the denial of a new trial on the defendant's consent to an increased damages award.

---

[2] In its March 22, 2006 Order, the Tenth Circuit reached the same conclusion. See Order at 1-2, filed March 29, 2006 (Doc. 121).

The Court concludes, however, that the holding in Dimick v. Schiedt extends to Kelley's motion. First, two courts have equated an increase in a jury's verdict with additur even in the absence of an alternative request for a new trial. In Lyon Dev. Co. v. Business Men's Assurance Co. of Am., the district court had increased the damages awarded to a party from a nominal sum of $1 to $176,094. See 76 F.3d at 1125. The Tenth Circuit declared that, "[i]f the jury verdict was indeed favorable to BMA, the district court's grant of the Rule 50(b) motion increasing the damages award from one dollar to $ 176,094 is equivalent to an additur" that would violate the Seventh Amendment. Id. Recognizing that "the district court does have the power to order a new trial on damages when the verdict is favorable to a party who asserts the damages were inadequate," the Tenth Circuit decided that it need not remand the case to the district court for it to determine whether to order a new trial because a reasonable juror could have found the original verdict appropriate. Id. at 1126. In Franceschi v. Hosp. Gen. San Carlos, Inc., 420 F.3d 1 (1st Cir. 2005), the United States Court of Appeals for the First Circuit stated that a plaintiff's request for an increased contract award was an additur prohibited by the Seventh Amendment. See id. at 5. Also, Professors Wright and Miller explain that "[a] federal court may grant a new trial because of an inadequate verdict, but it may not increase the damages above those awarded by a jury, either directly or by use of an additur." 9 Wright & Miller, Federal Practice and Procedure § 2816, at 172. Because Kelley, like the parties in Lyon Dev. Co. v. Business Men's Assurance Co. of Am. and Franceschi v. Hosp. Gen. San Carlos, Inc., seeks only an increased damage award without an alternative form of relief, the holding in Dimick v. Schiedt precludes her from receiving more than the jury awarded.

In addition, the principles guiding the Supreme Court to its conclusion in Dimick v. Schiedt govern Kelley's motion. The Supreme Court began by noting that maintenance of the jury as a

fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. 293 U.S. at 486. The Supreme Court objected to the additur in Dimick v. Schiedt, because adding an amount to a jury award "is a bald addition of something which in no sense can be said to be included in the verdict." Id. The Supreme Court determined that there was no "semblance of reason" justifying a district court in increasing a damages award with the consent of only one party, thereby cutting short the other party's right to have a jury hear and decide that issue. Id. at 486-87. To allow such a course would require a party to accept a result "partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess." Id. at 487.

Similarly, increasing Kelley's award would constitute a "bald addition" to the original verdict. Giving Kelley more money at this stage would cut short the City's right to have a jury determine the appropriate award. An order augmenting Kelley's award would lead to a result partly made by the jury – the original $372,974.90 amount – and partly made by the Court through the $37,297.00 tax award. Further, the Court is mindful of the Supreme Court's injunction that, because of the central role of the jury in our nation's history, any seeming curtailment of the right to a jury trial, such as the one presented by Kelley's motion, should be scrutinized with the utmost care.

To support her argument, Kelley cites to two Tenth Circuit cases. The first case is Sears v. Atchison, T. & S. F. R. Co., 749 F.2d 1451 (10th Cir. 1984). In that case, the Tenth Circuit upheld the district court's award of "a tax component in the back pay award to compensate class members for their additional tax liability as a result of receiving over seventeen years of back pay in one lump sum." Id. at 1456. Although "[a] tax component may not be appropriate in a typical Title VII case," the Tenth Circuit recognized that Sears v. Atchison presented "special circumstances in view of the

protracted nature of the litigation" and the fact that the back pay awards would likely place the plaintiffs "in the highest income tax bracket on much of the back pay they now receive." Id. Sears v. Atchison, however, was tried before a judge, not a jury, and so the increase in the award did not interfere with a jury's consideration of factual issues. See Sears v. Atchison, T. & S. F. R. Co., 454 F. Supp. 158, 161 (D. Kan. 1978)(Brown, J.).

The second case that Kelley cites is Carter v. Sedgwick County, 36 F.3d 952 (10th Cir. 1994), for the following proposition:

> The district court is vested with considerable discretion in formulating remedies for Title VII violations. However, the exercise of this discretion must be guided by the fact that one of the central purposes of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination. We have pointed out that in general, courts should strive to award the most complete relief possible.

Id. at 957 (citations and internal quotations omitted). Like the previous case, Carter v. Sedgwick County is also inapplicable because it, too, emanated from a bench trial. See id. at 954. Furthermore, Carter v. Sedgwick County did not involve awarding an increased judgment for taxes, but concerned whether the district court properly calculated her front pay award. See id. at 957. In any event, the Court does not disagree that it has considerable discretion in formulating remedies under Title VII; instead, it concludes that its discretion does not extend to disregarding the Seventh Amendment.

Kelley also relies on Blaney v. Int'l Ass'n & Aero. Workers, Dist. No. 160, 151 Wn.2d 203, 87 P.3d 757 (2004)(en banc), which held that Washington State's anti-discrimination statute allowed for an increased award to compensate for the taxes incurred by the award because "[a] number of federal courts have used the equitable powers bestowed on them by Title VII to allow offsets for the federal tax consequences of damage awards." Id. at 215, 87 P.3d at 763. The only two cases that the Washington Supreme Court cited for that sentence were Sears v. Atchison, Topeka & Santa Fe Ry.

-10-

Co., 749 F.2d at 1456, which, as noted above, did not involve a jury trial, and EEOC v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364, 1380 (S.D. Fla. 1998), reversed on other grounds by EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263 (11th Cir. 2000), which also did not involve a jury trial. Furthermore, as a state court, the Washington Supreme Court did not have to consider the effects of the Seventh Amendment on its holding because the Seventh Amendment does not apply to state court proceedings. See Elliott v. City of Wheat Ridge, 49 F.3d at 1459. Because increasing Kelley's award to take into account the increased taxes she will have to pay increases the jury award in violation of the Seventh Amendment's command that courts not reexamine the findings of a jury, the Court will not grant Kelley's request for an award.

### III.    KELLEY IS NOT ENTITLED TO RELIEF UNDER RULE 59.

Even if the Constitution did not prohibit the Court from granting Kelley the relief she seeks, the Court concludes in the alternative that she has not shown that she is entitled to relief under rule 59(e). The Tenth Circuit has indicated that rule 59(e) motions should be granted only to correct manifest errors of law, to present newly discovered evidence, or to contest inconsistencies in a jury's verdict.  See Loughridge v. Chiles Power Supply Co., 431 F.3d at 1274-75.  None of these circumstances are present in this case.

Kelley has not alleged that a damages award which does not include a tax component will amount to a manifest error of law. Instead, she argues that the Court should exercise its discretion to grant her a 10% augmentation of her award because of the "tremendous additional tax burden" that her damages award will impose. Reply at 2. Kelley further does not maintain that her request stems from newly discovered evidence. In fact, her pre-trial briefing indicates that she was well aware that the taxman would visit her upon collection of the judgment; in a motion in limine, she stated that "she

will be paying taxes at a higher rate the year she receives her judgment since she will be in the highest taxable rate bracket if she prevails in this action." Motion in Limine at 3. She does not rest her request on newly discovered evidence, but on the Internal Revenue Code. Finally, Kelley is not contesting any perceived inconsistencies in the jury's verdict, and the Court sees no indications of any inconsistency. Consequently, Kelley is not entitled to relief under rule 59(e).

**IV. EVEN IF THE COURT HAS THE POWER TO GIVE KELLEY AND HER ATTORNEYS ADDITIONAL MONEY, THE COURT WOULD DECLINE TO EXERCISE DISCRETION TO GRANT HER REQUEST.**

Lastly, Kelley asserts that the Court should rely on its equitable powers to fashion a remedy that is more likely to leave her whole by reducing the tax burden of her award. See Motion to Amend at 4. To the extent that the Court could equitably grant the relief that Kelley seeks consistent with the Constitution and the Federal Rules of Civil Procedure, the Court declines to do so. While it may be unfortunate that a victorious plaintiff, who believes that her damages award is necessary to make her whole, has to part with as much as a tenth of her award, the payment of those taxes does not offend justice. Indeed, Kelley would likely have had to pay taxes on much, if not all, of this money even if the City had not violated the law because the damages represent lost income and lost retirement or pension benefits. By Kelley's own estimation, she could receive up to 90% of her damages award in spite of taxes. See Motion to Amend at 4. Finally, Kelley knew that this was a possibility throughout this suit. See Motion in Limine at 3. The Court will, therefore, not amend the judgment to adjust the award for the increased tax burden Kelley will face.

**IT IS ORDERED** that Motion and Memorandum Requesting the Court Amend the Judgment to Adjust for Increased Federal Taxes is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven K. Sanders
Law Offices of Steven K. Sanders
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kevin M. Brown
Daniel J. Macke
Brown and German
Albuquerque, New Mexico

    *Attorneys for the Defendant*